STATE OF NORTH CAROLINA v. CHRISTOPHER ANTHONY INGRAM

No. 8120SC427

(Filed 15 December 1981)

**Criminal Law § 101.4— jury's examination of exhibits during guilty plea in another case**

    The trial court in a second degree murder case did not err in allowing the jury to examine exhibits in the jury box while a guilty plea was taken for an unrelated traffic offense.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 3 December 1980 in Superior Court, STANLY County. Heard in the Court of Appeals 14 October 1981.

The defendant was tried for second degree murder. After the jury had begun deliberating, they requested that they be allowed to examine some exhibits which had been offered in evidence. The defendant consented to the exhibits being taken to the jury room, but the State objected to the jury's doing so. The court then allowed the jury to examine the exhibits in the courtroom while a guilty plea was taken for a traffic offense in an unrelated case. Defendant took exception to this procedure.

Defendant was convicted of second degree murder and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*John M. Bahner, Jr. for defendant appellant.*

**State v. Ingram**

WEBB, Judge.

The defendant assigns error to the court's allowing the jury to examine the exhibits in the jury box while a guilty plea was being taken. He contends that the taking of a guilty plea engendered an atmosphere of guilt finding in the courtroom which was prejudicial to the defendant. We cannot so hold. There is nothing in the record to show that the traffic case in which a guilty plea was accepted in any way related to the case upon which the jury was deliberating. We cannot conclude the jury heard anything which would affect their deliberations.

We have examined defendant's other assignments of error and find them to be without merit.

No error.

Judges MARTIN (Robert M.) and WELLS concur.